Dear Mr. Webber:
This office is in receipt of your opinion request dated December 27, 1995, in which you present the following issues for our review:
 (1) Are parties applying for a Louisiana marriage license required to be residents of this state?
 (2) Can a marriage license issued in Louisiana be used outside the state or is it only valid within the state of Louisiana?
In your letter you state that Mississippi residents consistently come to Louisiana to obtain a marriage license for use in Mississippi. Your concern lies in the fact that the minimum legal age to obtain a marriage license in Mississippi is twenty-one (21).
In answer to your first question, LSA-R.S. 9:222
provides:
 A marriage license may be issued in any parish, regardless of where the ceremony is to be performed or the parties reside.
Therefore, parties applying for a marriage license in Louisiana need not be residents of Louisiana.
Your second question presents issues concerning conflict of laws. Louisiana Civil Code Article 3520 states:
 A marriage that is valid in the state where contracted, or in the state where the parties were first domiciled as husband and wife, shall be treated as a valid marriage unless to do so would violate a strong public policy of the state whose law is applicable to the particular issue under Article 3519.
This provision follows the general American rule of conflict of laws that a marriage valid where celebrated is valid everywhere unless it is incestuous, polygamous, or otherwise declared void by statute. Lutwak v. U.S.,344 U.S. 604, 73 S.Ct. 481. The fact that the parties to the marriage left their domicile for the purpose of evading its laws which would have rendered the marriage invalid does not alter the general rule. 55 C.J.S. § 4, p. 813 note 62.
However, some state statutes provide that a marriage contracted in the state is void if contracted by a party residing and intending to continue to reside in another state, if such marriage would be void if contracted in the other state.Id., note 65. Louisiana has no such statute. Nor does Mississippi have any statutes specifically declaring such marriages void. In fact, the Supreme Court of Mississippi has recognized common law marriages celebrated in other states as valid in Mississippi although common law marriages are no longer recognized there. George v. George, 389 So.2d 1389.
Therefore, it is the opinion of this office that a marriage license validly issued in Louisiana would be recognized in Mississippi. However, as C.C. Art. 3520 mandates, factors presented in C.C. Art. 3519 must be applied. C.C. Art. 3519 reads:
 The status of a natural person and the incidents and effects of that status are governed by the law of the state whose policies would be most seriously impaired if its law were not applied to the particular issue.
 That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the relationship of each state, at any pertinent time, to the dispute, the parties, and the person whose status is at issue; (2) the policies referred to in Article 3515; and (3) the policies sustaining the validity of obligations voluntarily undertaken, of protecting children, minors, and others in need of protection, and of preserving family values and stability.
I trust this adequately addresses your concerns. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
Assistant Attorney General
RPI/CMF:gbe